Filed 4/24/23  P. v. Estes CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## THIRD APPELLATE DISTRICT

(Nevada)

----

| | |
|---|---|
| THE PEOPLE, | C097066 |
| Plaintiff and Respondent, | (Super. Ct. Nos. F19-000341, F19-000225) |
| v. | |
| KYLE LORANCE ESTES, | |
| Defendant and Appellant. | |

On June 18, 2021, defendant Kyle Lorance Estes resolved two cases pending against him by plea agreement.  In case No. F19-000341 (the corporal injury case), defendant pled no contest to corporal injury of a child, and in case No. F19-000225 (the identity theft case) defendant pled no contest to unauthorized possession of personal identifying information with a prior.  Defendant agreed to a sentence of the upper term of six years in the corporal injury case and eight months consecutive in the identity theft

1

case. In exchange, the remaining counts in these cases would be dismissed with a *Harvey* waiver.[1] The parties stipulated to the factual basis for the plea.

On July 2, 2021, the trial court sentenced defendant in accordance with the plea to an aggregate term of six years eight months to be split with four years prison and two years eight months on mandatory supervision. The court awarded defendant 735 actual days plus 734 conduct days for a total of 1,469 days custody credit, thus rendering the prison portion of the sentence time served. The trial court also imposed a $300 restitution fine; a matching, suspended $300 mandatory supervision revocation restitution fine; two $30 conviction assessment fees; and two $40 court operations assessment fees. Finally, the court dismissed two counts from the identity theft case with a *Harvey* waiver; count 1 from the corporal injury case was simply dismissed.

On January 1, 2022, defendant admitted violating his mandatory supervision, which was reinstated with the condition that defendant serve 120 days. On April 29, 2022, defendant admitted to violating his mandatory supervision for the second time, and the trial court later clarified defendant would serve 180 days in jail with the possibility of serving the last 30 days in treatment.

On July 8, 2022, probation filed a third revocation petition alleging defendant violated his mandatory supervision by testing positive for methamphetamine and because of a new law violation for battery. Defendant admitted violating his mandatory supervision on August 5, 2022, and in exchange, the trial court dismissed the case associated with the new law violation in the interests of justice.

At the sentencing hearing on August 19, 2022, the trial court denied defendant's request to return to mandatory supervision and remanded him to serve the balance of his sentence (after a reduction for custody credits as outlined in the probation report).

---

[1] *People v. Harvey* (1979) 25 Cal.3d 754 (*Harvey*).

Defendant timely appealed and did not request a certificate of probable cause.  Appellate briefing concluded on March 22, 2023.

## DISCUSSION

Appointed counsel filed an opening brief that sets forth the facts and procedural history of the case and requests this court review the record and determine whether there are any arguable issues on appeal.  (*People v. Wende* (1979) 25 Cal.3d 436.)  Defendant was advised by counsel of his right to file a supplemental brief within 30 days from the date the opening brief was filed.  More than 30 days have elapsed, and defendant has not filed a supplemental brief.

Having undertaken an examination of the entire record pursuant to *Wende*, we find no arguable errors that are favorable to defendant.  Accordingly, we will affirm the judgment.

DISPOSITION

The judgment is affirmed.

/s/
ROBIE, Acting P. J.

We concur:

/s/
EARL, J.

/s/
McADAM, J.*

---

\*      Judge of the Yolo County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.